### FRISSELL v. RATEAU DRUG STORE, Inc., et al.

### No. 2837.

District Court, W. D. Louisiana, Alexandria Division.

May 3, 1939.

Polk & Robinson, of Alexandria, La., for plaintiff.

St. Clair Adams & Son, of New Orleans, La., and Overton, McSween & Overton, of Alexandria, La., for defendant.

DAWKINS, District Judge.

In her original petition plaintiff sued Rateau Drug Store, Inc., for damages alleged to have been caused by negligence in filling a prescription, but subsequently she has alleged that the Drug Company was dissolved under such circumstances that she is entitled to have the certificate of dissolution set aside, and she has also impleaded the Etna Casualty and Surety Company, insurer of said dissolved Corporation, at the time of her alleged injury.

All three of the defendants, Rateau Drug Store, Inc., its surety, Etna Casualty and Surety Company, and Gaston J. Mayeux, liquidator of said Drug Company, have excepted to the joining of the equitable demand for cancelation of the certificate of dissolution, with the action at law for damages, and the liquidator has further excepted that the petition discloses no cause of action as to him.

I am of the view that the New Rules of Federal Procedure are applicable to this case. It is true the suit was filed long before they became effective, but no convincing reason has been shown why they should not apply under the provisions of Rule 86, 28 U.S.C.A. following section 723c, which declares that they shall apply "in actions * * * pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice * * *". But for the prescription or limitations under the State law, the plaintiff could take a nonsuit, and, in my opinion, bring the suit in the identical form used, since distinctions between action at law and in equity have been abolished, and I see no occasion for working of injustice in allowing the pleadings to stand as they are.

I think, unquestionably the issue of whether the liquidation shall be set aside, in so far as the claim in this case is concerned, should be tried first by the Court as in equity. If plaintiff succeeds on that score, then a jury can be called, if not waived, to hear the demand for damages.

The exception of no cause of action has not been argued to great extent and the petition, I believe, does show grounds for relief, if the facts alleged can be proven.

For the reasons assigned, the exceptions are overruled.